IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUVONDA WHITNEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-137CVW-ODS |
| LANE BRYANT, INC., | ) |
| Defendant, | ) |

**PLAINTIFF JUVONDA WHITNEY'S FIRST
AMENDED COMPLAINT**

COMES NOW, the plaintiff, Juvonda Whitney ("Plaintiff") by and through her attorney of record, Stephen A. Jenkins, and for her causes of action against the defendant, Lane Bryant, Inc. ("Defendant") states as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction and venue over all factual and legal matters relevant to this cause of action.

2. The employment discrimination and retaliation that occurred in this case took place at Lane Bryant located at 5600 East Bannister Road, Jackson County, Kansas City, Missouri 64137, within the Western District of Missouri.

3. During the employment discrimination and retaliation, Plaintiff lived at 2520 Lawn, Kansas City, Missouri 64127, within the Western District of Missouri.

4. Currently, Plaintiff lives at 1809 E. 73rd St., Kansas City, Missouri 64132 within the Western District of Missouri.

5. Defendant is registered to do business in Missouri and has a retail store where Plaintiff worked at 5600 East Bannister Road, Jackson County, Kansas City, Missouri 64137.

8. At all times relevant to this cause of action Defendant was an "employer" as defined by the federal statute, Equal Rights Under the Law. 42 U.S.C. Sec. 1981.

10. This suit has been filed timely within all of the applicable statute of limitations periods.

## FACTUAL ALLEGATIONS

11. Defendant hired Plaintiff on April 22, 2002 as a Style Expert for $7.00 an hour.

12. Plaintiff was hired by Tolice Bowen, a black female.

13. Plaintiff was promoted to Full Time Key Holder in or about October, 2002; she was paid $10.00 per hour.

14. On November 13, 2003, Defendant terminated Plaintiff because of her race and because she complained about race discrimination, and because she reported illegal conduct.

15. Defendant also failed to promote Plaintiff because of her race.

## COUNT I

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. Sec. 1981**

16. Plaintiff realleges and incorporates herein by reference, as though fully set forth herein, paragraphs 1-15.

17. Plaintiff is an African American and, therefore, is a member of a protected class pursuant to 42 U.S.C. Sec. 1981.

18. Plaintiff was treated adversely in relation to the terms and conditions of her employment on the basis of her race.

19. Defendant's treatment of Plaintiff was based, in whole or in part, on the basis of Plaintiff's race.

20. Defendant failed to promote Plaintiff despite the fact that she was the most qualified person for the job because of her race.

21. Specifically, in or about September 2002, Defendant's District Manager, a white female, hired Keanna Williams, a white female, for the Store Manager Position.

22. To Plaintiff's knowledge Ms. Willliams worked for a bar before being hired as Store Manager of Defendant.

23. Keanna Williams quit in or about July 2003.

24. Again, Plaintiff told Stephanie Rathgins, the District Manager, that she would like to be considered for Store Manager.

25. Instead, Rathgins hired Sarah Sager, a white female for the job of Store Manager.

26. After Tolice Bowen quit as Store Manager, Plaintiff heard the Store Manager, Stephanie Rathgins say on the telephone that "we don't need anyone of color in this position [Store Manager] anymore.

27. Other black employees were discriminated against on the basis of their race.

28. Keanna Williams hired Modupy Washington, among other black employees, for $6.15 an hour.

29. During the same time period, Keanna Williams hired Amber Larson and Katie last-name-unknown, white females, for $7.00 per hr.

30. Pursuant to Defendant's policy and procedures, employees are to receive reviews every six (6) months.

31. During Plaintiff's career with Defendant she received only one review on September 10, 2003.

32. In or about October 2003, Plaintiff and others found 2003 performance evaluations stuck behind a desk in an envelope.

33. This is the first time that Plaintiff saw her review for this period.

34. All of the black employees' reviews were horrible.

34. The next day, the District Manager, Deb Siglar arrived and confiscated the envelope and the reviews.

35. Siglar refused to show any of the employees their reviews.

36. Pursuant to Defendant's policy and procedure, employees are to get raises every year if their work warrants a raise.

37. Plaintiff should have gotten a raise on March 2003, but she did not.

38. Ironically, Plaintiff's last check that she received after she was fired had a raise of $.40 per hr.

39. In sum, Plaintiff was not promoted, she was not given raises, and ultimately was fired because of her race.

40. As a result of Defendant's discriminatory treatment, Plaintiff is now suffering, and will continue to suffer irreparable injury, pain and suffering, monetary damages, loss of business reputation, loss of peace of mind, loss of wages, loss of

benefits, and damages from emotional distress, attorney's fees and costs, all in an amount yet to be determined.

41. The discriminatory treatment of Plaintiff was conducted intentionally and with willful disregard for Plaintiff's working conditions or well being.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Issue a declaratory judgment that the acts, policies and procedures of Defendant complained of herein violated and continue to violate the rights of Defendant under the MHRA, and order injunctive relief to remedy Defendant's illegal acts;

(b) Order Defendant to make Plaintiff whole by providing actual damages, including appropriate back pay, reasonable front pay and compensatory damages for Plaintiff's injuries in a sum not less than $100,000.00;

(c) Order that Defendant's conduct was malicious and outrageous entitling Plaintiff to punitive damages;

(d) Grant Plaintiff her reasonable attorneys' fees and costs; and

(e) Grant such further and additional relief as the Court may deem just and proper.

## COUNT II

### RETALIATION IN VIOLATION OF 42 U.S.C. Sec. 1981

42. Plaintiff realleges and incorporates herein by reference, as though fully set forth herein, paragraphs 1-41.

43. Plaintiff engaged in protected activity by complaining to her supervisors that she and other black employees were being discriminated against.

44. Plaintiff believed that Defendant was discriminating against her and others.

45. Plaintiff had a reasonable belief that Defendant was discriminating against her and others.

46. Specifically, Plaintiff told Deb Siglar, the District Manager that she felt the 2003 performance reviews she found behind a desk were discriminatory because all the black employees received bad reviews.

47. When Sarah Sager was promoted over Plaintiff, she complained to Stephanie Rathgins that the promotion was unfair and discriminatory.

48. Plaintiff complained on numerous occasions to Deb Siglar and Stephanie Rathgins that she was not receiving a raise because of her race.

49. In March 2003, when Plaintiff should have received a raise, she complained to Keonna Williams and Stephanie Rathgins that their treatment was discriminatory based on race.

50. Because of Plaintiff's complaints, she was not given raises, she was not promoted, and was ultimately fired.

51. As a result of Defendant's retaliatory treatment, Plaintiff is now suffering, and will continue to suffer irreparable injury, pain and suffering, depression, monetary damages, loss of business reputation, loss of peace of mind, loss of wages, loss of benefits, and damages from emotional distress, attorney's fees and costs, all in an amount yet to be determined.

52. The retaliatory treatment of Plaintiff was conducted intentionally and with willful disregard for Plaintiff's working conditions or well being in violation of 42 U.S.C. Sec. 1981.

WHEREFORE, Plaintiff respectfully prays this Court to:

(a) Issue a declaratory judgment that the acts, policies and procedures of Defendant complained of herein violated and continue to violate the rights of Defendant under 42 U.S.C. Sec. 1981, and order injunctive relief to remedy Defendant's illegal acts;

(b) Order Defendant to make Plaintiff whole by providing actual damages, including appropriate back pay, reasonable front pay and compensatory damages for Plaintiff's injuries in a sum not less than $100,000.00;

(c) Order that Defendant's conduct was malicious and outrageous entitling Plaintiff to punitive damages;

(d) Grant Plaintiff her reasonable attorney's fees and costs; and

(e) Grant such further and additional relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs request this court for a trial by jury in the Western District of Missouri.

Respectfully submitted,

\_\_\_/s/_____
Stephen A. Jenkins          #45455

2526 Holmes Rd.
Kansas City, MO 64108
Telephone No. (816) 471-1000
Fax No. (816) 471-1285